# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIREEN HASHEM, | : |
| | : Civil Action No. 15-8585 (FLW)(DEA) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| HUNTERDON COUNTY, et al. | : |
| | : |
| Defendants. | : |

ARPERT, Magistrate Judge.

This matter comes before the Court on (1) a motion by Plaintiff for the entry of default against Hunterdon Central Regional High School and (2) a cross-motion by Defendant Hunterdon Central Regional Board of Education ("Defendant") to dismiss the Complaint as to Hunterdon Central Regional High School. The Court heard oral argument on the motions on March 1, 2017. For the reasons below as well as the reasons stated on the record of that proceeding, the motion for entry of default will be denied and the motion to dismiss will be granted.

Under Rule 55, a court may enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Here, there is no dispute that the Defendant Hunterdon Central Regional High School (the "High School") has not responded to the Complaint in this matter.[1] However, the first step in determining whether default should be

---

[1] Reference here to the "Complaint" includes the original Complaint and the subsequently-filed Amended Complaints.

entered is examining whether there has been valid service, as it is axiomatic that there must be effective service of process on a defendant before an entry of default can be made. As the party seeking entry of default, the Plaintiff bears the burden of establishing that valid service has been made on the High School. *See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)("[T]he party asserting the validity of service bears the burden of proof on that issue."). The Court finds Plaintiff has not met that burden.

Defendant asserts that default cannot be entered because the High School is merely a building and is not a legal entity amenable to being served or sued. Rather, according to Defendant, the Hunterdon Central Regional High School Board of Education is the appropriate defendant. *See* N.J.S.A. §§ 18A:10-1("The schools of each school district shall be conducted, by and under the supervision of a board of education…"); 18A:11-1 (empowering a board of education to "[p]erform all acts and do all things … necessary for the lawful and proper conduct … of the public schools of the district"). Indeed, a number of courts have recognized that in New Jersey individual public schools are not themselves legal entities distinct from the board of education or school district. *See*, *e.g.*, *M.K. ex rel. D.K. v. Hillsdale Bd. of Educ.*, No. 06-1438, 2006 WL 2067177, at *1 (D.N.J. July 20, 2006) ("The Court doubts that Ann Blanche Smith School is a legal entity subject to suit separate and apart from the Hillsdale Board of Education."); *K.P. v. Corsey*, 228 F. Supp. 2d 547, 548 (D.N.J. 2002) ("Deptford Township High School is not a separate legal entity [from the Board of Education]…"), *rev'd on other grounds*, 77 F. App'x 611 (3d Cir. 2003); *LoPresti v. Galloway Twp. Middle Sch.*, 381 N.J. Super. 314, 318 (Law Div. 2004) (noting that "[w]hile the Galloway Township Middle School was named as a defendant in this matter, in reality, the true defendant is the Galloway Township School District since the Galloway Township Middle School … is not a legal entity").

Plaintiff offers no authority to the contrary. As such, Plaintiff has not established that the High School is a legal entity distinct from Defendant Board of Education that is capable of being effectively served with process and sued separately from the Board of Education. Consequently, the Court will deny Plaintiff's motion for entry of default. For that same reason, the Court will grant Defendant's motion to dismiss. The dismissal is without prejudice to Plaintiff renewing her claims against the High School by way of a motion to amend the Complaint should discovery uncover information that would support such an application. An appropriate Order accompanies this Opinion.

                                            *s/ Douglas E. Arpert*
                                          **DOUGLAS E. ARPERT**
                                          **UNITED STATES MAGISTRATE JUDGE**