UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIREEN HASHEM, | : |
| | : Civil Action No. 15-8585 (FLW)(DEA) |
| Plaintiff, | : |
| | : |
| v. | : **MEMORANDUM OPINION** |
| | : **& ORDER** |
| HUNTERDON COUNTY, et al. | : |
| | : |
| Defendants. | : |

ARPERT, Magistrate Judge.

This matter comes before the Court on a motion by Plaintiff Sireen Sawalha Hashem ("Plaintiff") to quash several third-party subpoenas. The subpoenas are directed to Plaintiff's current and former employers, schools Plaintiff has attended, a company that evaluates foreign academic credentials, and the New Jersey Department of Education. The Court heard oral argument on the motion March 1, 2017. For the reasons below, the motion is granted.

**I. Background**

Plaintiff brought this action alleging that that her former employer, Hunterdon Central Regional High School Board of Education, and her former supervisors discriminated against her on the basis of her race, religion, and national origin. On November 18, 2016, Defendants provided Plaintiff with a notice to serve a subpoena on Plaintiff's current employer, the Bernards Township School District, pursuant to Fed. R. Civ. P. 45. The subpoena seeks "all employment records for Sireen Sawalha Hashem, including but not limited to her employment application, all observations, evaluations as well as incidents of counseling, discipline, and parental complaints, if any."

On November 21, 2016, the Defendants provided Plaintiff with notice of their intent to serve a subpoena on one of Plaintiff's former employers, Princeton High School. This subpoena

seeks "all employment records for Sireen Sawalha Hashem, including but not limited to her employment application, all observations, evaluations as well as incidents of counseling, discipline, and parental complaints, if any."

Subsequently, Defendants issued five additional subpoenas directed to the following:

--Mercer County Community College, seeking "[t]he complete educational records for Sireen Sawalha Hashem, as well as any document provided to Mercer County Community College by Sireen Sawalha Hashem."

--David R. Sirota, Ph.D, Executive Director, Educated Choices LLC, seeking "[a]ll documents exchanged between Educated Choices LLC and Sereen Ahamad Yosuf Abdulla and/or Sireen Sawalha Hashem, as well as all documents relied upon to issue the letter dated 9/1/2000 [rendering an opinion regarding Plaintiff's foreign post-secondary educational achievements]."

--Rider University, seeking "[t]he complete educational records for Sireen Sawalha Hashem, as well as any documents provided to Rider University by Sireen Sawalha Hashem."

--Kathleen Duncan, Director of Controversies and Disputes, New Jersey Department of Education, seeking "[a]ll certifications issued to Sireen Sawalha Hashem, and all documents that Sireen Sawalha Hashem submitted to the New Jersey Dept. of Ed., including but not limited to documents in support of any request for certification."

--Bernard M. Baruch College of the City University of New York, seeking "[t]he complete educational records for Sireen Sawalha Hashem, as well as any document provided to Baruch College by Sireen Sawalha Hashem."

Plaintiff has moved to quash these subpoenas, arguing they are overly broad and bear no relevance to the issues in this case and, as such, intrude on Plaintiff's privacy rights. Plaintiff

2

also argues that the information sought "would not be admissible" at trial. ECF No. 40-1 at 5. In response, Defendants argue that Plaintiff lacks standing to move to quash the subpoenas, that "inadmissibility" is not a ground to object to discovery, and that the information sought by the subpoenas is relevant to the subject matter of this litigation.

**II. Analysis**

Turning first to the question of standing, the Court notes that "[g]enerally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed." *Malibu Media, LLC v. Doe*, No. 15-8252, 2016 WL 3876425, at *3 (D.N.J. July 14, 2016). However, a party has standing to bring a motion to quash a third-party subpoena when the party claims a personal right or privilege with respect to the subject matter of the subpoena. *Id.* Here, the subject matter of the subpoenas at issue are Plaintiff's employment and educational records. Given the personal nature of the content of such records, the Court finds that Plaintiff has a sufficient privacy interest in the records to confer standing here.[1]

Next, the Court examines relevancy, as any discovery sought by way of a Rule 45 subpoena must fall within the permissible scope of discovery. *In re Subpoena to Rehberger*, No. 13-831 2013 WL 2243081, *3 (D.N.J. May 21, 2013); *see also Aetrex Worldwide, Inc. v. Burten Distribution, Inc.*, No. 13-1140, 2014 WL 7073466, at *3 (D.N.J. Dec. 15, 2014) ("Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b)."). Pursuant to Rule 26,

---

[1] Educational records, for example, are of such a personal nature that Congress has deemed them worthy of privacy protection. *See* Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g. Furthermore, were the Court to find that Plaintiff lacked standing under Federal Rule of Civil Procedure 45, it would construe Plaintiff's motion as one for a protective order under Rule 26 and reach the same result. Rule 26(c) provides that the Court "may, for good cause," protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by issuing an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Proc. 26(c)(1).

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26. "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* However, while the scope of discovery is broad, "it is not unlimited ... and should not serve as a fishing expedition." *Saller v. QVC, Inc.*, No. 15-2279, 2016 WL 8716270, at *5 (E.D. Pa. June 24, 2016). District Courts have discretion to shape the permissible scope of discovery. *See Anderson v. Wachovia Mortgage Corp.*, 621 F.3d 261, 281 (3d Cir. 2010).

Defendants bear the burden of showing relevance here. *See In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234 (E.D. Pa. 2014) (noting that the subpoenaing party bears the initial burden to establish relevance). Defendants contend that the requested information is relevant to (1) mitigation of damages; (2) whether Plaintiff's alleged "failure as a teacher" is uniform; and (3) whether Plaintiff is "running into the same" alleged "problems" with her new employer a she did while employed by Defendants. *See* ECF No. 41 at 4-5.

Defendants cite *Hite v. Peters*, No. 07-4492, 2009 WL 1748860 (D.N.J. June 19, 2009) for the broad proposition that "[a] plaintiff's current and prior employment records are routinely found to be relevant to the subject matter of employment discrimination litigation." ECF No. 41 at 4. However, contrary to Defendants' assertion, *Hite* dealt with only post-termination employment records. In that case, the court found post-termination employment records to be relevant to the issue of mitigation of damages, noting that "documents setting forth the specific dates on which Plaintiff was employed … in a full-time position, those dates on which he was

4

employed in a part-time position, and the rates of pay for each period of employment, bear on the amount Plaintiff could have earned with reasonable diligence." *Hite*, 2009 WL 1748860, at *4.

Here, however, the breadth of Defendants' subpoena to Plaintiff's current employer goes far beyond what is specifically relevant to mitigation. The subpoena requests "[a]ll employment records" for Plaintiff. ECF No. 40-2. "Courts have routinely found blanket requests for a plaintiff's entire personnel or employment file to be impermissibly broad." *Saller v. QVC, Inc.*, No. 15-2279, 2016 WL 8716270, at *5 (E.D. Pa. June 24, 2016).

Defendants contend that they are entitled to such information from not only Plaintiff's current employer, but her former employer as well, because Defendants have "heard that Plaintiff is running into the same problems with her new employer as she did while employed with Defendants"[2] and because they "suspect Plaintiff's failure as a teacher is uniform with all her employers." ECF No. 41 at 5. However, even if Defendants were able to show an appropriate connection between this information and the claims and defenses in this case, mere suspicion is not enough to warrant such a broad inquiry. "Subpoenaed information is not relevant to subject matter involved in the pending action if the inquiry is based on the party's mere suspicion or speculation." *Saller*, 2016 WL 8716270, at *5 (internal quotations omitted). Here, the basis for Defendants' subpoenas to Plaintiff's current employer as well as to Plaintiff's former employer is just that—suspicion and speculation. Thus, it is improper to permit a sweeping inquiry into all of Plaintiff's employment records. *Id.*

Similarly, the Court finds that Defendants have not shown that the educational and certification records sought by the remaining subpoenas are relevant to the claims or defenses in

---

[2] Defendants provide no details regarding this allegation or its source(s).

this action. "Discovery is not a fishing expedition for potential claims or defenses." *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, No. 12-2981, 2013 WL 6858956, *2 (D.N.J. December 23, 2013); *see also Claude P. Bamberger Intern., Inc. v. Rohm and Haas Co.*, C.A. No. 96-1041, 1998 WL 684263, at *2 (D.N.J. April 1, 1998) ("while the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so.") Here, the subpoenas make no attempt to limit the documents requested to subject matter relevant to the claims or defenses in this action. Rather, they seek "all" documents and "complete" educational records. As such, they are over broad. It may well be that within all the records sought Defendants could find something potentially relevant or that could be used as impeachment evidence. However, the mere possibility that Defendants may discover such evidence does not justify a wide-ranging fishing expedition into records that will contain a great deal of irrelevant and personally-sensitive information.

### III. Conclusion and Order

The Court having carefully considered the parties submissions and the argument of counsel, and for the reasons stated above,

IT IS on this 18th day of May, 2017,

ORDERED that Plaintiff's motion to quash [40] is hereby GRANTED.

                                       *s/ Douglas E. Arpert*
                                       **DOUGLAS E. ARPERT**
                                       **UNITED STATES MAGISTRATE JUDGE**