# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIREEN HASHEM, | : |
| Plaintiff, | : Civil Action No. 15-8585 (FLW)(DEA) |
| v. | : **MEMORANDUM OPINION** |
| HUNTERDON COUNTY, et al. | : **& ORDER** |
| Defendants. | : |

ARPERT, Magistrate Judge.

This matter comes before the Court on two motions by Plaintiff Sireen Sawalha Hashem ("Plaintiff") to compel discovery. This is an employment action in which Plaintiff alleges that her former employer, Hunterdon Central Regional High School Board of Education, and her former supervisors discriminated against her on the basis of her race, religion, and national origin. Plaintiff asks the Court to compel Defendants to produce (1) unredacted versions of discovery responses in which student/parent names have been removed; (2) an index to Defendants' supplemental document production; (3) personnel records/complaints relating individual defendants and a third party; (4) documents relating to "Plaintiff's comparators"; and (5) records relating to certain students.

**A. Redaction of Student/Parent Names**

On January 25, 2017, the Court entered a Discovery Confidentiality Order. *See* ECF No. 56. Pursuant to Paragraph 8 of that Order, all discovery responses containing "the names of parents of students or students who attended Hunterdon Central Regional High School shall be redacted so that only the first initial of such person's first and last name are evident, as required by The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99) and NJAC 6A:

-7.1, et seq." *Id.* At the time the Court entered the Order, the Court advised the parties that, if necessary, they could jointly or individually move for an Order allowing for the disclosure of the parent/student names. Pursuant to that instruction, Plaintiff now brings the instant motion.

Plaintiff served three requests for the production of documents on Defendants. Among other things, Plaintiff sought documents relating to (1) the involvement of a student and his parents in a particular Facebook post regarding Plaintiff [Document Requests Nos. 116 – 121]; (2) any complaints or communications made by parents or students about Plaintiff or her teaching [Document Requests Nos. 73 – 76, 130 – 134]; (3) any complaints or communications made by parents or students about Defendants [Document Requests Nos. 22, 24 – 25]; (4) any complaints or communications made by parents or students about other teachers employed by Defendants [Document Requests Nos. 30 - 31, 36 – 37, 41 – 42, 46 – 47, 51 – 52, 56 – 57, 76, 84 – 85]; (5) certain students' behavioral issues [Document Requests Nos. 7, 149]; and (6) any witness statements made about Plaintiff or regarding Plaintiff's role as a teacher employed by Defendants [Document Requests Nos. 9, 151].

According to Plaintiff, in response to these (and possibly other) document requests, Defendants produced a number of documents in which they redacted the names of parents and students. Plaintiff seeks an Order directing Defendants to "disclose student and parent names in all documents related to this litigation and the claims therein." ECF No. 68-1 at 5.[1] Plaintiff argues that without such information she cannot adequately pursue her claims in this case. Plaintiff states that she is unable to adequately investigate and defend against Defendants' affirmative defense that Plaintiff was terminated for cause because she cannot, for example, verify the veracity of

---
[1] Plaintiff alternatively requests that the Court order Defendants to "obtain parent/student consent to provide their unredacted names in discovery documents." ECF No. 68-1 at 5. The Court, however, cannot compel these nonparties to provide such consent.

information or explore the motives of the persons who made the statements contained in the records.

Defendants oppose Plaintiff's motion. They contend that the disclosure of the names of parents and students would violate the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g., and state law, N.J.A.C. 6A:32-7.5(g) (expressly incorporating the requirements of FERPA). Under FERPA and its New Jersey counterpart, educational institutions are obligated to maintain the confidentiality of certain records. As one court in this District recently explained,

> [b]oth New Jersey and federal law obligate schools to protect the privacy of their students' records. *See* 20 U.S.C. § l232g; N.J.S.A. § 18A:36-19. Under New Jersey's law, "student record" is broadly defined as "information related to an individual student gathered within or outside the school district and maintained within the school district." N.J.A.C § 6A:32-2.1. Access to student records is limited to authorized organizations or individuals; generally, "[p]ersons outside the school" are authorized to view confidential student records if the students' parents consent (and consent to any third-party disclosure) or a court orders it. *Id.* at 7.5(e)(14),(15). Similarly, under [FERPA], federal law prohibits the disclosure of an "educational record" that contains information "directly related to a student", including her name, address, or "other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty" to an unauthorized individual. *See generally* 20 U.S.C. § l232g; 34 C.F.R. 99.3. FERPA likewise allows for the disclosure of such records with parental consent or as a result of a court order. 20 U.S.C. § 1232(g)(b)(2).

*M.A. v. Jersey City Bd. of Educ.*, No. 14-6667, 2016 WL 7477760, at *10 (D.N.J. Dec. 29, 2016).

Plaintiff argues that neither FERPA nor New Jersey law prohibits disclosure of the information she seeks in this case. Indeed, it is well-established that FERPA does not create an evidentiary privilege.[2] Many courts have held that records protected by FERPA are not

---

[2] Likewise, state regulations governing the confidentiality of student records do not create such a privilege. As the Third Circuit has explained with regard to state law confidentiality laws generally,

> discovery disputes in federal courts are governed by federal law, especially the Federal Rules of Civil Procedure and the Federal Rules of Evidence[.] [T]he state statutory confidentiality provisions

3

necessarily exempt from discovery in the context of civil litigation. *See, e.g., Lei Ke v. Drexel Univ.*, No. 11-6708, 2014 WL 1100179, at *5 (E.D. Pa. Mar. 20, 2014) ("FERPA does not create a privilege"); *Jackson v. Willoughby Eastlake Sch. Dist.*, No. 16-3100, 2018 WL 1468666, at *2 (N.D. Ohio Mar. 23, 2018) ("[R]ecords that are considered protected under a statute are not necessarily privileged for discovery purposes, and FERPA does not provide such a privilege.")(citing cases). *See also Pearson v. Miller*, 211 F.3d 57, 68 (3d Cir. 2000) ("Statutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts.")

Nevertheless, given the confidentiality protections afforded these records, a party seeking disclosure of education records protected by FERPA bears "a significantly heavier burden ... to justify disclosure than exists with respect to discovery of other kinds of information, such as business records." *Furey v. Wolfe*, No. 10-1820, 2011 WL 597038, at *7 (E.D. Pa. Feb. 18, 2011) (alteration in original). As such, "federal courts have allowed the disclosure of protected education records in circumstances where the interests of the party seeking the records outweighs the students' privacy interest." *Id.* (citing cases).

At this juncture, the Court finds it necessary to clarify which documents are the subject of this motion. In her motion, Plaintiff asks the Court to modify the Discovery Confidentiality Order and compel the broad disclosure of "student and parent names in *all documents* related to this litigation and the claims therein." ECF No. 68-1 at 5 (emphasis added). However, the only categories of documents discussed substantively in Plaintiff's brief are (1) complaints made by

---

that have been invoked ... do not directly govern the present dispute. Only to the extent that federal law may recognize the force of those provisions are they relevant here. The ultimate issue is whether the discovery sought is permitted as a matter of federal law.

*Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000). As such, and given the fact that (1) the parties arguments generally center on FERPA and (2) the state regulation at issue expressly incorporates the requirements of FERPA, the Court bases its analysis here on the provisions of FERPA.

students and/or parents about Plaintiff; and (2) "witness statements" or incident reports in which the names of students and/or parents appear. *See*, *e.g.*, ECF No. 68-1 at 13 ("The majority of the records Defendants have redacted are in response to Plaintiff's requests for complaints and witness statements or incident reports involving allegations in Plaintiff's pleadings.") As such, the Court considers Plaintiff's motion as being applicable only to such documents.

The protections of FERPA extends to "education records." The statute defines "education records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. §1232g(a)(4)(A). Several other district courts have found that records similar to those sought by Plaintiff here are not education records subject to FERPA. For example, in *Briggs v. Bd. of Trustees Columbus State Cmty. Coll.*, No. 08-644, 2009 WL 2047899, at *5 (S.D. Ohio July 8, 2009), the court held that student complaints of sexual harassment by a professor were not education records. The *Briggs* court relied on *Ellis v. Cleveland Municipal School District*, 309 F. Supp. 2d 1019 (N.D. Oh. 2004), which involved an action against a school district regarding the use of corporal punishment by a teacher. The plaintiff in *Ellis* sought discovery related to incident reports, student and employee witness statements, and disciplinary records of certain teachers, but the school district objected to the discovery on the basis that the information was protected by FERPA. The *Ellis* court concluded that FERPA was not applicable because the requested documents contained information that directly related to teachers and only tangentially related to students. The court stated that "[w]hile these records clearly involve students as alleged victims and witnesses, the records themselves are directly related to the activities and behaviors of the teachers themselves and are therefore not governed by FERPA." *Id.*

In *Wallace v. Cranbrook Educ. Cmty.*, No. 05-73446, 2006 WL 2796135 (E.D. Mich. Sept. 27, 2006), a former school maintenance worker brought an action for unlawful termination after being terminated "in primary part on anonymous statements given by students" alleging improper sexual behavior toward students. *Id.* at *1. During discovery, the defendant provided the plaintiff with copies of the students' statements with the students' names and addresses redacted. The court granted a motion to compel disclosure of the students' names, rejecting an argument that FERPA prohibited such disclosure. *Id.* at *4-5. The court held that the investigatory notes and the student statements did not constitute education records because they did not relate directly to the students and the information fell within one of FERPA's exceptions relating to employment records. *See also Cherry v. Clark Cty. Sch. Dist.*, No. 11-1783, 2012 WL 4361101, at *6 (D. Nev. Sept. 21, 2012) (compelling disclosure of the identity of parents who made complaints about the behavior of another student in the classroom). *But see Rhea v. Dist. Bd. of Tr. of Santa Fe Coll.*, 109 So.3d 851, 857 (Fla. Dist. Ct. App. 2013) (holding that a student's email complaining of a teacher's "inappropriate classroom behavior, his humiliating remarks to the students, and his unorthodox teaching methodologies" was a record that "directly related to" the student and was therefore an "education record" under FERPA).

Arguably, based on the reasoning in the federal cases cited above, many of the records sought here are not education records under FERPA because they do not "directly relate[]" to students, but, rather, relate to Plaintiff in the context of her employment as a teacher with the school district. However, regardless of whether the documents in question are "education records" under FERPA, the Court finds disclosure of the unredacted records is appropriate here.

Pursuant to Federal Rule of Civil Procedure 26,

6

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26. There can be no dispute that records that are the subject of this motion are relevant to the claims and defenses in this case. Among Plaintiff's claims is the assertion that she was unlawfully terminated from her employment on the basis of her race, religious beliefs and national origin. Defendants have asserted an affirmative defense that alleges that Defendants had "legitimate and lawful reasons for their decision not to renew Plaintiff's contract." ECF No. 66 at ¶ 84. Indeed, Defendants state that "decisions" regarding the nonrenewal of Plaintiff's contract were made "based on feedback received from parents and students." ECF No. 70 at 11. As such, this feedback is directly relevant to the claims and defenses asserted in this case.

As noted above, federal courts have allowed the disclosure of otherwise protected education records in circumstances where the interests of the party seeking the records outweighs the students' privacy interest. *See*, *e.g.*, *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F.Supp.2d 288, 293–94 (E.D.N.Y. 2008) (teacher's need for disclosure in discrimination action outweighed student's privacy interest); *Nastasia v. New Fairfield Sch. Distr.*, 2006 WL 1699599, *1–2 (D. Conn. June 19, 2006) (requiring disclosure of identity of student who made complaint of teacher misconduct); *Davids v. Cedar Falls Cmty. Sch.*, 1998 WL 34112767, *3 (N.D. Iowa Oct. 28, 1998) (plaintiff's need for disclosure of records to prove allegation that school engaged in disparate discipline of non-minority and minority students outweighed students' privacy interests). Defendants contend that it is sufficient that Plaintiff has been provided copies of this "feedback" with the names of the students/parents redacted. However, the names are an essential part of each

7

of the documents and are relevant here. Without them Plaintiff cannot fully evaluate the evidence in the context of the claims and defenses in this lawsuit.

In moving for disclosure of the names, Plaintiff states that privacy concerns can be alleviate in large part by designating the unredacted names as "Attorney's Eyes Only" pursuant to the Discovery Confidentiality Order. The Court agrees. Designated as such, the names may be disclosed only to counsel for Plaintiff. Counsel may give advice based on his evaluation of the material, but he may not reveal the content of the material. ECF No. 56 at ¶ 3-4.

On balance, Plaintiff's need for full disclosure of the records outweighs the privacy interests here, particularly in light of the fact that Plaintiff seeks an "Attorney's Eyes Only" production. Consequently, the Court will order the production of unredacted copies of (1) complaints made by students and/or parents about Plaintiff; and (2) "witness statements" or incident reports in which the names of students and/or parents appear. The unredacted names shall be designated "Attorney's Eyes Only." To the extent that Plaintiff sought unredacted versions of any other records, Plaintiff simply has not made any showing to warrant such relief.

**B. Index of ESI Documents**

In September 2017, Defendants produced to Plaintiff electronically-stored information ("ESI") consisting of 2,945 documents totaling approximately 6,000 pages. Plaintiff moves for an Order compelling Defendants to produce an index that identifies by Bates number the document request to which each document responds.

According to Defendant and not disputed by Plaintiff, the ESI production at issue was a supplemental response to Plaintiff's 172 document requests and was made in accordance with objections and responses previously served upon Plaintiff. *See*, *e.g.*, ECF No. 78-2, 78-3. The record shows that a third party ESI vendor was used to collect the ESI at issue by custodian and in

the manner in which the ESI was kept in the ordinary course of business. The ESI was produced to Plaintiff in electronic form grouped by custodian. *See* ECF No. 79-3.

Federal Rule of Civil Procedure 34(b)(2)(E)(i) requires a party to produce ESI in the manner in which it kept in the ordinary course of business. It appears Defendants have done so here. *See id.* Although not required by the Rules, Defendants have also provided Plaintiff with a searchable electronic index of the documents produced. The Court finds that Defendants have complied with the relevant Federal Rules of Civil Procedure and no further response is necessary.

### C. Personnel Records/Complaints

Plaintiff's demands for production included requests for the personnel files of Defendants Steffner, Cooley, and Lucas, in addition to documents relating to any complaints made by a parent, teacher, or student against these individuals. Plaintiff also requested similar documents relating to Plaintiff's former supervisor, Robert Zywicki, who is not a party to this case. Defendants have objected on the grounds of relevance and privacy. Plaintiff moves to compel production of these records.

A party seeking to compel discovery bears the initial "burden of showing that the information sought is relevant to the subject matter of the action." *Arena v. RiverSource Life Ins. Co.*, No. 16-5063, 2017 WL 6513056, at *2 (D.N.J. Dec. 19, 2017). With respect to the records relating to Steffner, Cooley, and Lucas, Plaintiff states only that the "files could certainly contain relevant evidence" and, in counsel's experience, "personal files of named parties are almost always produced." ECF No. 78-1 at 2. This is insufficient to meet the burden of showing relevance, particularly given the privacy interests implicated by the sensitive information generally contained in a personnel file. Given the nature of the material sought, the Court expects a clear showing of relevance to permit the discovery, a showing Plaintiff has not made.

9

With regard to Zywicki, a non-party, Plaintiff seeks his personnel file, records of any disciplinary action taken against him, and records relating to any complaints against him made by a parent, teacher or student. Plaintiff states that, as her supervisor, Zywicki "admonish[ed] [Plaintiff] about her addressing certain issues because of her ethnicity and religion." ECF No. 78-7 at 4. In a purely conclusory fashion with no further support, Plaintiff contends that "[w]hat, if anything, was done about that" as well as the reasons for Zywicki's "abrupt termination" are "certainly relevant" to this action. *Id.* Again, given the personal nature of the information Plaintiff seeks regarding a non-party, Plaintiff's succinct, conclusory assertion of relevance is insufficient to warrant the Court compelling production of the records. Furthermore, Plaintiff has stated her intention to take the deposition of Zywicki, ECF No. 79-4, through which Plaintiff could obtain the information sought.

**D. Records Regarding Comparators**

Plaintiff moves to compel responses to the following:

Request No. 58
Provide a copy of any complaint brought against any of the Defendants, other than the plaintiffs, in any court or before any administrative agency that alleged discrimination in the past 10 years.

Request No. 61
Provide the personnel files for all teachers whose contracts were not renewed within the first three years of employment (this request is seeking documents for the past 10 years).

Request No. 152
Provide copies of all observations and evaluations of teacher Semira Markos during her employment with the Defendants.

Request No. 153
Provide copies of all observations and evaluations of teacher Anicel Rachel during her employment with the Defendants.

In response, Defendants objected to Request No. 58 as overbroad and to No. 61 on similar grounds as well as privacy concerns. With respect to No. 152 and 153, Defendants state that Plaintiff was provided with employment files including observations and evaluations of all non-tenured teachers, redacted to obscure their identity, who were first employed at any time after Plaintiff was first offered a teaching position. Included within that response are the files of Seminra Markos and Anicel Rachel as well as a third teacher for whom Plaintiff requested records (Request No. 154) but whose records are not the subject of the instant motion.

In support of her motion, Plaintiff succinctly states, with no further explanation, that the information sought by Request No. 58 "could lead to admissible and probative evidence." ECF No. 78-5 at 3. This is not sufficient to carry Plaintiff's burden of establishing the relevance of the material sought, particularly given its breadth.

As to the remaining three requests, Plaintiff simply states that "[a] comparison of [the other teachers'] evaluations and personnel files with Plaintiff could indicate that they were treated differently, and better, than Plaintiff even though they were similarly situated, other than their religious and ethnic background." *Id.* Plaintiff, however, appears to have been provided with the necessary materials and does not explain why the records that have already been produced are insufficient for her purposes. Plaintiff can perform the comparison she seeks with the records provided. Consequently, Plaintiff's motion is denied as to these document requests.

### E. Student Records

In Plaintiff's Third Request for the Production of documents, Plaintiff seeks "[t]he complete student file, including all IEPs and/or 504 Plans for" three students. Defendants objected on the grounds of privacy and produced no documents in response. Plaintiff moves to compel responses, noting that "[e]ach of these [t]hree students and/or their parents made complaints about

11

Plaintiff which figured prominently in Defendants' ostensible reasons for not renewing Plaintiff's employment." ECF No. 78-7 at 3. As such, Plaintiff contends, "[w]hat other complaints these students made about other teachers, what their various diagnoses were, what limitations were placed upon them, all could be relevant in assessing whether the stated reasons for Plaintiff's non-renewal were pretextual." *Id.* Plaintiff contends these records should be produced because "the totality" of her interactions with these students and their educational experience, "including those students' interactions with other teachers," is relevant.

Here, Plaintiff is expressly seeking these students' individualized education programs ("IEP") and/or Section 504 Plans. Pursuant to federal statute, an IEP is a "written statement for each child with a disability" that includes, among other things, information regarding a child's present levels of academic achievement and functional performance, educational goals and the child's progress toward meeting those goals, and special education services provided to the child. 20 U.S.C. § 1414. A Section 504 Plan similarly contains information about how the school will provide equal access for children with disabilities. *See* 29 U.S.C. § 701 *et seq.* Thus, as Defendants point out, an IEP and 504 Plan contain the most private and sensitive information about a student.

As discussed in detail above, while protected education records may be subject to discovery in a civil action, the burden is on the party seeking the records to show that their need for the information outweighs any privacy interest on the part of the student. Here, Plaintiff has not made that showing. Although Plaintiff argues that complaints against other teachers made by these students or their parents may be relevant to the issues in this case, the disputed document requests are not seeking such complaints. Rather, they broadly seek sensitive education records, and Plaintiff has not demonstrated the relevancy of or the need for such records.

**F. Conclusion and Order**

The Court having carefully considered the parties submissions, and for the reasons stated above,

**IT IS** on this 23rd day of May, 2018,

**ORDERED** that Plaintiff's motion for judicial relief [ECF No. 68] is granted in part and denied in part; and it is further

**ORDERED** that Plaintiff's motion to compel [ECF No. 78] is denied; and it is further

**ORDERED** that no later than 30 days from the date of this Order Defendants are directed to produce unredacted versions of documents previously produced that relate to (1) complaints made by students and/or parents about Plaintiff; and (2) "witness statements" or incident reports in which the names students and/or parents appear; and it is further

**ORDERED** that the unredacted names may be designated "Attorneys Eyes Only" pursuant to the Discovery Confidentiality Order; and it is further

**ORDERED** that counsel are directed to submit a joint status report to the Court no later than June 15, 2018.

                                          *s/ Douglas E. Arpert*
                                         **DOUGLAS E. ARPERT**
                                         **UNITED STATES MAGISTRATE JUDGE**